# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LARRY MARSHALL, JR.**  **PLAINTIFF**
**#18240**

V.  NO. 3:22-cv-00273-DPM-ERE

**JONATHAN BROWN**  **DEFENDANT**

## ORDER

Plaintiff Larry Marshall, Jr., a pre-trial detainee at the Mississippi County Detention Center ("Detention Center"), filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his complaint, Mr. Marshall alleges that, on April 30, 2022, Officer Jonathan Brown used excessive force against him by throwing him into a wall and punching him twice in the face. As a result of the incident, Mr. Marshall was charged and convicted of state law criminal battery.

For screening purposes, Mr. Marshall has stated an excessive force claim against Defendant Brown. However, for relief, he requests only that "the courts [] prevent future police attacks on inmates, and have my battery charge expunged." *Id. at 5*. The Court cannot provide Mr. Marshall the relief that he seeks. First, Mr. Marshall asks the court to prevent future police attacks, but "an injunction which does little or nothing more than order the defendants to obey the law is not specific enough." *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) (internal quotation omitted). Second, Mr. Marshall does not claim that the state proceedings that

resulted in his battery conviction were illegal or constitutionally invalid, and a federal court lacks subject matter jurisdiction to expunge a criminal conviction "based solely on equitable grounds." *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006). If Mr. Marshall seeks to invalidate his state-court criminal conviction in federal court, he must file the appropriate habeas corpus petition, only after he has fully exhausted his state court remedies.

IT IS THEREFORE ORDERED THAT:

1. Mr. Marshall has thirty days to file a supplement to his complaint clarifying the type of relief that he seeks from the Court.

2. If Mr. Marshall fails to file a supplement to his complaint, the Court will screen his original complaint, which is likely to result in the dismissal of this case.[1]

Dated this 26th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).