# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LARRY MARSHALL, JR.**                                                                      **PLAINTIFF**
**#18240**

**V.**                            **NO. 3:22-cv-273-DPM-ERE**

**JONATHAN BROWN,** *et al.*                                        **DEFENDANTS**

## ORDER

Plaintiff Larry Marshall, Jr., a pre-trial detainee at the Mississippi County Detention Center ("Detention Center"), filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his original complaint, Mr. Marshall alleged that, on April 30, 2022, Officer Jonathan Brown used excessive force against him by throwing him into a wall and punching him twice in the face. As a result of the incident, Mr. Marshall was charged and convicted of state law criminal battery.

For screening purposes, the Court previously determined that Mr. Marshall stated an excessive force claim against Defendant Brown. However, because the Court could not provide the relief that he sought in his original complaint, the Court provided Mr. Marshall an opportunity to file a supplement to his original complaint to clarify his claim for relief.[1] *Doc. 4*. Mr. Marshall has now filed: (1) a supplement

---

[1] In his complaint, Mr. Marshall requested that "the courts [] prevent future police attacks on inmates, and have my battery charge expunged." *Doc. 2 at 5*. However, "an injunction which does little or nothing more than order the defendants to obey the law is not specific enough." *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) (internal quotation omitted). In addition, Mr. Marshall did not claim that the state proceedings that resulted in his battery conviction were illegal

to his original complaint (*Doc. 6*); and (2) a motion for the appointment of counsel (*Doc. 5*).

1. **Screening**[2]

In Mr. Marshall's supplement to his complaint, he: (1) requests "financial relief that is appropriate for a case such as this" (*Doc. 6 at 1*); (2) seeks to also sue both the Mississippi County Sheriff's Department and the Mississippi County Detention Center; and (3) requests information regarding how to file a habeas corpus petition.

Because Mr. Marshall has now requested monetary damages, service for his excessive force claim against Defendant Jonathan Brown is now proper. However, the Mississippi County Sheriff's Department and the Mississippi County Detention Center are not parties that may be sued under 42 U.S.C. §1983. The Court will address Mr. Marshall's claims against those Defendants in a separate Recommendation. Finally, the Court cannot provide Mr. Marshall legal advice

---

or constitutionally invalid, and a federal court lacks subject matter jurisdiction to expunge a criminal conviction "based solely on equitable grounds." *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011

regarding how to invalidate his state court conviction or pursue a habeas corpus action.

### 2. Motion for the Appointment of Counsel

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. After considering all of the relevant factors, in particular, the factual and legal complexity of this case and Mr. Marshall's ability to present his own claims, the Court declines to appoint counsel at this time.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare a summons for Defendant Jonathan Brown.

2. The United States Marshal is directed to serve Defendant Brown with a summons and a copy of the complaint and the supplement to the complaint (with any attachments) (*Docs. 2, 6*), without requiring prepayment of fees and costs or security. Service for Defendant Brown should be attempted through the Mississippi County Detention Facility, 685 NCR 599, Luxora, Arkansas 72358.

3. Mr. Marshall's motion for the appointment of counsel (*Doc. 5*) is DENIED, without prejudice.[3]

Dated this 17th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If this case is scheduled for trial, the Court will consider, on its own, whether counsel should be appointed to assist Mr. Marshall at trial.